UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES FORTUNE,

                            Plaintiff,

    - against -

HAL LEONARD CORPORATION and HAL LEONARD LLC

                            Defendants.

Docket No. _____

JURY TRIAL DEMANDED

---

## COMPLAINT

Plaintiff James Fortune ("Fortune" or "Plaintiff") by and through his undersigned counsel, as and for his Complaint against Defendants Hal Leonard Corporation ("Leonard") and Hal Leonard LLC ("Leonard LLC") and (together "Defendants") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of two (2) copyrighted photographs. One Photograph is a group shot of KISS Manager Bill Aucoin, NARM President Joe Cohen, rock legend Meatloaf, KISS member Gene Simmons, music icon Cher and Larry Harris in March 1979. The other Photograph is a group shot of legendary music group Village People and their managers Henri Belolo and Jacques Morali with Larry Harris and NARM President Joe Cohen in March 1979. Both Photographs are owned and registered by Fortune, a Virginia based photojournalist. Accordingly, Fortune seeks injunctive and monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2.	This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.	This Court has personal jurisdiction over Defendants because Defendants resides in and/or are doing business in New York.

4.	Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.	Fortune is a professional music photojournalist in the business of licensing his photographs to online, print, and television stations for a fee, having a usual place of business at 12420 N. Oaks Drive, Ashland, Virginia 23005.  Fortune has photographed rock and roll icons such as Mick Jagger, Paul McCartney, Robert Plant, Jim Morrison, Elton John and may others. His photographs have appeared in galleries around the world and won numerous awards.

6.	Upon information and belief, Leonard is a corporation duly organized and existing under the laws of the State of Wisconsin, with a place of business at 7777 West Bluemound Road, Milwaukee, Wisconsin 53213.  Upon information and belief, Leonard is registered with the New York Department of State, Division of Corporations to do business in the State of New York. At all times material hereto, Leonard has published the book *And Party Every Day, The Inside Story of Casablanca Records.*

7.	Upon information and belief, Leonard LLC is a corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 7777 West Bluemound Road, Milwaukee, Wisconsin 53213. At all times material hereto, Leonard, LLC has published the book *And Party Every Day, The Inside Story of Casablanca Records.*

## STATEMENT OF FACTS

**A.	Background and Plaintiff's Ownership of the Photographs**

8. Fortune photographed KISS manager Bill Aucoin, NARM President Joe Cohen, Meatloaf, Gene Simmons, Cher and Larry Harris at the NARM banquet. Fortune also photographed the Village People along with their managers Henri Belolo and Jacques Morali and Larry Harris and NARM President Joe Cohen (the "Photographs"). A true and correct copy of the Photographs is attached hereto as Exhibit A.

9. Fortune is the author of the Photographs and has at all times been the sole owner of all right, title and interest in and to the Photographs, including the copyright thereto.

10. The Photographs were registered with United States Copyright Office and were given Copyright Registration Numbers VAu 477-427 and VAu 514-022, respectfully.

B. **Defendant's Infringing Activities**

11. Upon information and belief, in 2009, Defendants published a book entitled *And Party Every Day The Inside Story Of Casablanca Records*. The book prominently featured the Photographs. A true and correct copy of the photographs in the book is attached hereto as Exhibit B.

12. Defendants did not license the Photographs from Plaintiff for its book, nor did Defendants have Plaintiff's permission or consent to publish the Photographs in its book.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS)**
**(17 U.S.C. §§ 106, 501)**

13. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-12 above.

14. Defendants infringed Plaintiff's copyright in the Photographs by reproducing and publicly displaying the Photographs in the book. Defendants are not, and have never been,

licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photographs.

15. The acts of Defendants complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

16. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

17. As a direct and proximate cause of the infringement by the Defendant of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and defendant's profits pursuant to 17 U.S.C. § 504(b) for the infringement.

18. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendant's willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

19. Plaintiff further is entitled to his attorney's fees and full costs pursuant to 17 U.S.C. § 505.

20. Defendant's conduct, described above, is causing, and unless enjoined and restrained by this Court, will continue to cause Plaintiff irreparable injury that cannot be fully compensated by or measured in money damages.  Plaintiff has no adequate remedy at law. Pursuant to 17 U.S.C. § 502, Plaintiff, is entitled to a permanent injunction prohibiting further infringement of Plaintiff's copyrights and exclusive rights under copyright.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Leonard be adjudged to have infringed upon Plaintiff's copyrights in the Photographs in violation of 17 U.S.C §§ 106 and 501;

2. That Defendants, and their officers, directors, employees, agents, representatives, affiliates, subsidiaries, distributors, licensees, and all persons or entities acting in concert or participation with any Defendant, be enjoined from copying, reproducing, distributing, adapting, or publicly displaying Plaintiff's Photographs pursuant to 17 U.S.C. § 502.

3. Plaintiff be awarded either: a) Plaintiff's actual damages and Defendants profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photographs; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That Defendants be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

5. That Plaintiff be awarded his costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

6. That Plaintiff be awarded pre-judgment interest; and

7. Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
August 4, 2016

LIEBOWITZ LAW FIRM, PLLC

By: /s/Richard Liebowitz
Richard P. Liebowitz
11 Sunrise Plaza, Suite 301
Valley Stream, NY 11580
Tel: (516) 233-1660
RL@LiebowitzLawFirm.com

*Attorney for Plaintiff James Fortune*